```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARISTOTLE LLC, | CIVIL ACTION NO. 05-1043 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| AMERIGEN GLOVERSVILLE CORP., et al., |  |
| Defendants. |  |

**THE COURT** having ordered the parties to show cause why (1) the action should not be transferred to the United States District Court for the Northern District of New York under 28 U.S.C. § ("Section") 1404, and (2) monetary sanctions under Federal Rule of Civil Procedure 11(c) should not be imposed on the plaintiff's counsel for failure to abide by Local Civil Rule 11.2 (dkt. entry no. 16); and the plaintiff having brought this action to recover damages for breach of contract in this Court; and the defendants having objected to a New Jersey venue (9-19-05 Defs. Br., at 15); and it having appeared that (1) the defendants are New York citizens, (2) the principal place of business of the defendant Amerigen Gloversville Corp. ("AGC") is Gloversville, New York, which is located in the Northern District of New York, (3) the properties that are the subject of the contract at issue ("Properties") are located in Gloversville, New York, and (4) litigation between the plaintiff's members — the plaintiff is a

limited liability company — and the defendants concerning the Properties has been pending in federal court in the Northern District of New York for ten months ("New York Action") (Compl., at 1 & 5; 9-19-05 Defs. Br., at 5-7; 9-19-05 Genitrini Aff., Ex. D, 12-10-04 N.D.N.Y. Compl.); and

**IT APPEARING** the Court is authorized to direct the transfer of the action under Section 1404 when the defendants object to venue, see White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999), Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and the Court having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more-properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and thus the Court having ordered the parties to show cause why the action should not be transferred to the Northern District of New York in light of the four factors listed supra; and

**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY REQUIRING** the following:

> The initial pleading, motion or other paper of any party filed in any case in this Court, other than a criminal action, shall be accompanied by a certification as to whether the matter in controversy is the subject of any other action pending in any court, . . . and, if so, the certification shall identify each such action . . . and all parties thereto

L.Civ.R. 11.2; and it appearing this rule could not be more clear; and the plaintiff having failed to meet its burden of

2

advising the Court of the New York Action, which appears to (1) be related, and (2) have been pending when this action was brought; and it having appeared that the Court had already expended valuable judicial resources by (1) maintaining this action on the Court's docket for seven months, (2) issuing and addressing an order to show cause concerning dismissal of the complaint because the plaintiff failed to assert its own citizenship — and thus assert jurisdiction — properly, and (3) addressing the defendants' motion to set aside the entry of default as to a claim that could be brought as either a counterclaim or a third-party action in the New York Action (dkt. entry nos. 1-12); and thus the Court having ordered the parties to show cause why monetary sanctions should not be imposed on the plaintiff's counsel for the failure to abide by Local Civil Rule 11.2, <u>see</u> Fed.R.Civ.P. 11(c)(1)(B), (2); but the plaintiff having been advised that the Court would be amenable to the immediate filing of a notice wherein the plaintiff consented to the transfer of this action to the Northern District of New York; and

**THE PLAINTIFF**, in response, not opposing a transfer of the action to the Northern District of New York (10-21-05 Heimerl Cert., at 2); and thus the Court intending to (1) vacate the part of the order to show cause concerning monetary sanctions, (2) grant the part of the order to show cause concerning transfer,

and (3) transfer the action to the Northen District of New York; and for good cause appearing, the Court will issue an appropriate order.[1]

                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

---

[1] The plaintiff appears to suggest that this action should be transferred back to the District of New Jersey if the New York Action is resolved. (10-21-05 Palumbo Cert, at 3; 11-9-05 Palumbo Cert., at 1.)  That is not so.  Regardless of the outcome in — or whether this action is consolidated into — the New York Action, this action more-properly belongs in the Northern District of New York because (1) the defendants are New York citizens, and (2) AGC's principal place of business and the Properties are in the Northern District of New York.  It appears also that the contract at issue was executed in — and contains references to the laws of — New York.  (10-31-05 Genitrini Cert., Ex. A.)  The parties may seek consolidation of this action and the New York Action in the Northern District of New York.